## 32735. RICH *v.* CRAWFORD.

Decided February 2, 1950.

*James N. Rahal,* for plaintiff.

*Ernest J. Haar,* for defendant.

WORRILL, J. The two questions presented by this record— first, whether an appeal to a jury is the proper method to review a judgment of the Municipal Court of Savannah where the amount in controversy is more than $100 and less than $300, and second, whether the Municipal Court of Savannah has jurisdiction to render a judgment in the sum of $153.50 on a counterclaim—can be answered by reference to the act creating the court and the various acts amendatory thereof. The Municipal Court of Savannah was established by the act of August 13, 1915 (Ga. L. 1915, pp. 124-137). This act implemented, insofar as the City of Savannah was concerned, the constitutional amendment ratified on October 2, 1912, which permitted

the legislature to abolish justice courts and the offices of justices of the peace in certain counties and to establish in lieu thereof such court, courts or system of courts within constitutional limitations as deemed necessary by the legislature. By this act the civil and criminal jurisdiction of the Municipal Court of Savannah was declared to be the same as the civil and criminal jurisdiction of justice courts in Chatham County as provided by law on the date of the act, with additional jurisdiction in bail-trover actions where the amount in controversy or the value of the property sued for did not exceed $100; and the procedure, pleading, and practice in the Municipal Court of Savannah by that act was made substantially like that of justice courts as then provided by law, with certain exceptions not now material. By an act approved August 20, 1927 (Ga. L. 1927, p. 455), the jurisdiction of the court was extended to the entire County of Chatham outside the limits of the City of Savannah, and jurisdiction concurrent with the superior court was given the court to try all civil cases or proceedings of whatever nature, ex contractu or ex delicto, under the common law or by statute, in which the principal sum claimed or the value of the property in dispute, did not exceed $300, and of which exclusive jurisdiction was not vested by law in other courts.

Section 4 of that act provided: "that the pleading, practice, and procedure in said Municipal Court of Savannah in all civil cases or proceedings involving not over one hundred dollars ($100.00) as principal claimed, or the value of the property in dispute, shall be the same as that prescribed by law for justices' courts in the City of Savannah at the date of the aforesaid Act of August 13, 1915; and on appeal, certiorari, and all other matters, the procedure in said court in such cases, except as changed in other sections of said Act of 1915, or amendatory Acts, and in this Act, shall be as prescribed by law for said justices' courts." Section 5 provided in part: " (a) That in all civil cases or proceedings in the said Municipal Court of Savannah, in which the principal sum claimed, or the value of the property in dispute, exceeds the sum of one hundred dollars ($100.00) and is not over three hundred dollars ($300.00), the general laws of this State in regard to the commencement of actions in the superior courts, and the defenses thereto . .

and in regard to the examination of parties to suits or witnesses by interrogatories or under subpoena, witnesses and their attendance, continuance, nonsuit, direction of verdict, mistrial, charge of the court, granting new trials, and other matters of a judicial nature within the jurisdiction of said municipal court, shall be applicable to said municipal court, except as may be hereafter provided by this Act." Section 12 provided: " . . that in all cases tried in said municipal court in which the principal sum claimed, or the value of the property in controversy, exceeds the sum of one hundred dollars ($100.00) and is not over three hundred ($300.00), either party or his counsel may make a motion for a new trial in said court, under the laws and rules and procedure governing the making of motions for new trials in the superior court. And on the hearing of such motion the full bench of three judges, or a majority, shall preside and determine the same."

By Section 9 of the act of March 27, 1937 (Ga. L. 1937, pp. 1203, 1210), it was provided: "That in all cases wherein the amount involved exceeds one hundred ($100.00) dollars, the order overruling or refusing the motion for new trial or the final order or judgment of the trial court, as the case may be, shall be subject to review by bill of exceptions to the Court of Appeals and/or the Supreme Court, in the same manner that judgments and order of the superior courts are now reviewed, and in such cases the trial judge, who presided on the original trial of the case or in his absence, any judge of said court shall have the same powers and duties respecting all proceedings including supersedeas as the judges of the superior courts now have."

We think that it is clearly demonstrated, by a reading of the portions of the acts referred to and quoted above, that it was the intent of the legislature that, where the amount in controversy exceeds $100, but is not more than $300, the procedure in the Municipal Court of Savannah for securing a review should conform to the procedure in the superior courts; and that, where the amount in controversy is less than $100, the practice and procedure should conform to the practice and procedure in justice courts with the exceptions set forth in the acts. There being no provision under our law permitting an appeal to a

jury in the superior courts where a case has been tried by a judge in the superior court without a jury, this procedure was not authorized, and the trial judge did not err in dismissing the appeal filed by the plaintiff.

The court had jurisdiction to try the case and render a judgment where the amount in controversy did not exceed $300, and the trial judge did not err in denying the plaintiff's motion to set aside the judgment.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*